U.S. DISTRICT COURT FILED OCT 15 2014 WP S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JOSE BAEZ, NICHOLAS D'APICE,
GREGG A. MARTIN, JADER MAZO,
JOSE MERCADO, DWAYNE RIDENHOUR, and
THOMAS D. SPUTO, Individually
And on behalf of other persons similarly
Situated who were employed by
C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.
d/b/a Got To Go Portable Restrooms, and
CITY CARTING & RECYCLING,
GARY CARBONE, RICHARD CARBONE
RONALD CARBONE, and ANTHONY CARBONE,
Or any other entities affiliated with or controlled by
C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.
d/b/a Got to Go Portable Restrooms,
CITY CARTING & RECYCLING, and
GARY CARBONE, RICHARD CARBONE
RONALD CARBONE, and ANTHONY CARBONE,

Plaintiffs,

-v-

C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.
d/b/a Got To Go Portable Restrooms, and
CITY CARTING & RECYCLING,
GARY CARBONE, RICHARD CARBONE
RONALD CARBONE, and ANTHONY CARBONE,
Or any other entities affiliated with or controlled by
C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.
d/b/a Got to Go Portable Restrooms,
CITY CARTING & RECYCLING,
GARY CARBONE, RICHARD CARBONE
RONALD CARBONE, and ANTHONY CARBONE,
ADVANTAGE CAPITAL PARTNERS,
CHARLES BOOKER, JEFFREY CRAVER,
RICHARD HUMMELL, PHILIP MARSHALL,
JUSTIN OBLETZ, and W. ANTHONY TOUTS, III,
EVERGREEN NATIONAL INDEMNITY COMPANY,
JOHN DOE BONDING COMPANIES 1-5,
and John and Jane Does,

Defendants.

---------------------------------------------------------------------X

Case No.:

Class Action Complaint

COMPLAINT

14 CIV. 8247

JUDGE BRICCETTI

**NATURE OF THE ACTION**

1. Plaintiffs Jose Baez, Nicholas D'Apice, Gregg A. Martin, Jader Mazo, Jose Mercado, Dwayne Ridenhour, and Thomas D. Sputo, (herein after collectively referred to as "Plaintiffs") allege on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants C.R.P Sanitation, Inc. d/b/a CRP Sanitation Inc. d/b/a Got to Go Portable Restrooms, ("CRP Sanitation"), City Carting & Recycling; and, Gary Carbone, Richard Carbone, Ronald Carbone, and Anthony Carbone in their official and personal capacities (hereinafter referred to as "Individual CRP Defendants"); and Advantage Capital Partners ("ACP") and its principals Charles Booker, Jeffrey Craver, Richard Hummell, Philip Marshall, Justin Obletz, and W. Anthony Touts, III (all parties collectively referred to as "Defendants") and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law, (ii) to recover unpaid prevailing wages owed to Plaintiffs and those whom are similarly situated and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., because Defendants' violations were willful.

2. Plaintiffs further complain, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages and liquidated damages from Defendants for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations New York Codes, Rules and Regulations ("NYCRR") § 142-2.2 and § 142-2.4.

3. Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of Defendants, pursuant to Fed.R.Civ.P. 23 and Article 9 of the New York Civil Practice Law and Rules, that they are entitled to back wages from Defendants for Defendants' willful failure to pay under §230 of the New York Labor Law.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. 1367 over all state law claims brought in this action.

5. The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255(a).

6. The statute of limitations under the New York Labor Law is six years. N.Y. Labor Law § 198(3).

7. All acts in this action took place within Westchester County.

8. Defendants do business in the State of New York, within the Southern District of New York, maintaining a place of business at 2 Bay View Road, Cortland, New York 10567.

9. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

## THE PARTIES

10. The plaintiff, Jose Baez, is a resident of the City of White Plains, County of Westchester, and the State of New York.

11. At all times relevant to the complaint, plaintiff, Jose Baez, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

12. Plaintiff Jose Baez was employed by the Defendants from in or about January 1, 2006 to December 31, 2012 as a driver.

13. Plaintiff, Nicholas D'Apice, is a resident of the Cortland Manor, County of Westchester, State of New York.

14. At all times relevant to the complaint, plaintiff Nicholas D'Apice was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for Defendants.

15. Plaintiff Gregg A. Martin was employed by the Defendants from in or about January 1, 2006 until in or about December 31, 2012 as a driver.

16. Plaintiff Gregg A. Martin is a resident of the County of Dutchess, State of New York.

17. At all times relevant to the complaint, plaintiff Gregg A. Martin was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for Defendants.

18. Plaintiff Jader Mazo was employed by the Defendants from in or about January 1, 2008, to December 31, 2011, as a helper; and, then as a driver from January 1, 2012 to December 2012.

19. Plaintiff, Jose Mercado, is a resident of the City of New York, County of the Bronx, State of New York.

20. At all times relevant to the complaint, plaintiff, Jose Mercado, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

21. Plaintiff Jose Mercado was employed by the Defendants from in or about January 1, 2008 to December 31, 2010, as a driver; and, then as a driver from January 2011, to December 31, 2012.

22. Plaintiff, Dwayne Ridenhour, a/k/a Dwayne Lee, is a resident of the City of Poughkeepsie, County of Dutchess, State of New York.

23. At all times relevant to the complaint, plaintiff, Dwayne Ridenhour, a/k/a Dwayne Lee, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for Defendants.

24. Plaintiff Dwayne Ridenhour, a/k/a Dwayne Lee, was employed by the Defendants from in or about January 1, 2007 to December 31, 2012 as a driver.

25. Plaintiff Thomas D. Sputo is a resident of Hawthorne, County of Westchester, State of New York.

26. At all times relevant to the complaint, plaintiff Thomas D. Sputo was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

27. Plaintiff Thomas D. Sputo was employed by the Defendants from in or about January 1, 2006 to December 31, 2012 as a driver.

28. Upon information and belief, defendant CRP Sanitation was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

29. Upon information and belief, defendant CRP Sanitation principal place of business was and still is at 2 Bay View Road, Cortland Manor, NY 10567.

30. Upon information and belief, and at all times hereinafter mentioned, the defendant C.R.P. Sanitation, Inc. was and still is engaged in the sanitation business.

31. At all times hereinafter mentioned, defendant CRP Sanitation was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N. Y. Lab. Law § 190(3).

32. Upon information and belief, defendant City Carting & Recycling was and still is a domestic corporation organized and existing pursuant to the laws of the State of Connecticut, maintaining a New York office address at 2 Bay View Road, Cortland Manor, NY 10567.

33. Upon information and belief, City Carting & Recycling, at all relevant times mentioned herein, was authorized to do business in the State of New York.

34. Upon information and belief, City Carting & Recycling is an alter ego and/or single employer/successor of CR.P Sanitation.

35. At all times hereinafter mentioned, defendant City Carting & Recycling, as an alter ego and/or single employer/successor of CR.P Sanitation was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N. Y. Lab. Law § 190(3).

36. Upon information and belief, and at all relevant times hereinafter mentioned, defendant Advantage Capital Partners is a private equity hedge fund, authorized to do business in the State of New York that has taken an ownership position in City Carting & Recycling and its alter ego CRP Sanitation.

37. Advantage Capital Partner maintains an office address at 5 Warren Street, Glens Falls, New York.

38. Upon information and belief, the principals of ACP are Charles Booker, Jeffrey Craver, Richard Hummell, Philip Marshall, Justin Obletz, and W. Anthony Touts, III (collectively referred to as the "ACP Individual Defendants").

39. At all times hereinafter mentioned, defendant ACP was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N. Y. Lab. Law § 190(3).

40. Upon information and belief, and at all times hereinafter mentioned, defendants Gary Carbone, Richard Carbone, Ronald Carbone, and Anthony Carbone (collectively referred to as the "CRP Individual Defendants"), own and/or operate and/or are shareholders of the defendants CRP Sanitation and City Carting & Recycling.

41. Upon information and belief, at all times hereinafter mentioned, defendant Gary Carbone is a corporate officer and/or shareholder and a supervisor of the defendants CRP. Sanitation and City Carting & Recycling.

42. Upon information and belief, and at all times hereinafter mentioned, the defendant Richard Carbone is a corporate officer and/or shareholder and a supervisor of the defendants CRP Sanitation and City Carting & Recycling.

43. Upon information and belief, and at all times hereinafter mentioned, the defendant Ronald Carbone is the Chief Executive Officer and shareholder of the defendants CRP Sanitation and City Carting & Recycling.

44. Upon information and belief, and at all times hereinafter mentioned, the defendant Anthony Carbone is a corporate officer and/or shareholder and a supervisor of the defendants CRP Sanitation and City Carting & Recycling.

45. Upon information and belief, and at all times hereinafter mentioned, the CRP Individual Defendants had and have the authority over personnel decisions for the defendants CRP Sanitation and City Carting & Recycling.

46. Upon information and belief, and at all times hereinafter mentioned, the CRP Individual Defendants have and had the authority over payroll decisions for the defendants CRP Sanitation and City Carting & Recycling.

47. Upon information and belief, and at all times hereinafter mentioned, the CRP Individual Defendants have and had the authority to hire and fire employees for the defendants CRP Sanitation and City Carting & Recycling.

48. The CRP Individual Defendants had and have the power to make binding decisions for defendants CRP Sanitation and City Carting & Recycling.

49. The individual ACP Individual Defendants maintain a presence in this jurisdiction based upon ACP's ownership interest in City Carting & Recycling and CRP Sanitation. Upon information and belief, in conjunction with CRP Individual Defendants, the ACP Individual Defendants retain operational control over City Carting & Recycling and CRP Sanitation, including hiring and firing of personnel.

50. Upon information and belief, Evergreen National Indemnity Company is a surety company authorized to do business in the State of New York.

51. Upon further information and belief, Evergreen National Indemnity Company, and/or one or more of its subsidiaries issued a performance bond (the "Bond") in connection with work performed by CRP Sanitation and/or City Carting & Recycling for the Town of Mount Pleasant, the Town of Yorktown and other municipalities.

52. Upon information and belief, JOHN DOE BONDING COMPANIES 1-5 are authorized to do business in the State of New York, and are engaged in the surety bonding business.

53. Upon further information and belief, the JOHN DOE BONDING COMPANIES 1-5, and/or one or more of its subsidiaries issued a performance bond (the "Bond") in connection with work performed by CRP Sanitation and/or City Carting & Recycling for the town of Mount Pleasant.

54. Upon further information and belief, the JOHN DOE BONDING COMPANIES 1-5, and/or one or more of its subsidiaries issued a performance bond (the "Bond") in connection with work performed by CRP Sanitation and/or City Carting & Recycling for the Town of Yorktown.

55. At all times hereinafter mentioned, the activities of the Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

56. At all times hereinafter mentioned, defendants employed employees, including the plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s) (A) (i).

57. At all times hereinafter mentioned, Defendants' annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

58. Plaintiff Jose Baez was an employee of the Defendants, employed in the non-exempt position as driver, working under Defendants' direct supervision.

59. Upon information and belief, Defendants hired Baez, set wage rates and method of payment for Baez, set hours of work for Baez, had the authority to hire, fire and discipline Baez and generated and maintained employment records. Defendants set all policies regarding Baez's working conditions.

60. Plaintiff Jose Baez worked approximately 40 to 50 hours in most work weeks in which he was employed by the Defendants. He worked Monday through Saturday between before 5:00 a.m. and after 1:00 p.m. and was paid approximately $24.50 per hour for straight time pay. He was paid by check.

61. At all times hereinafter mentioned, plaintiff Jose Baez was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

62. Defendants failed to compensate the plaintiff Jose Baez for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1*12)* times his regular hourly rate, throughout the entire term of his employment with the Defendants.

63. Plaintiff Nicholas D'Apice was an employee of the Defendants, working as a non-exempt helper under Defendants' direct supervision.

64. Upon information and belief, Defendants hired Nicholas D'Apice, set wage rates and method of payment for Nicholas D'Apice, set hours of work for Nicholas D'Apice, had the authority to hire, fire and discipline Nicholas D'Apice, and generated and maintained employment records. Defendants set all policies regarding Nicholas D'Apice's working conditions.

65. Plaintiff Nicholas D'Apice worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 5:00 a.m. and after 1:00 p.m. and changed during his tenure to between before 4 am and until after 7 pm was paid approximately $16 per hour as a helper. He did not receive the premium overtime rate. He was paid by check.

66. At all times hereinafter mentioned, plaintiff Nicholas D'Apice was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

67. Defendants failed to compensate plaintiff Nicholas D'Apice for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the Defendants.

68. Plaintiff Gregg A. Martin was an employee of the Defendants, working as non-exempt driver under Defendants' direct supervision.

69. Upon information and belief, the Defendants hired Gregg A. Martin, set wage rates and methods of payment for Gregg A. Martin, set hours of work for Gregg A. Martin, had the authority to hire, fire and discipline Gregg A. Martin and generated and maintained employment records. Defendants set all policies regarding Gregg A. Martin's working conditions.

70. Plaintiff Gregg A. Martin worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 5:00 a.m. and after 1:00 p.m. and changed during his tenure was paid approximately $24.10 per hour. He did not receive the premium overtime rate. He was paid by check. He was required to clean truck for an hour after it returned to the yard for which he was not compensated.

71. At all times hereinafter mentioned, plaintiff Gregg A. Martin was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

72. Defendants failed to compensate plaintiff Gregg A. Martin for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with Defendants.

73. Plaintiff Jader Mazo was an employee of the Defendants, working in a non-exempt position under Defendants' direct supervision from approximately January 1, 2008, through December 31, 2012.

74. Upon information and belief, the Defendants hired Jader Mazo, set wage rates and methods of payment for Jader Mazo, set hours of work for Jader Mazo, had the authority to hire, fire and discipline Jader Mazo and generated and maintained employment records. Defendants set all policies regarding Jader Mazo's working conditions.

75. Plaintiff Jader Mazo worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 11 pm until after 6 am and changed during his tenure to between before 5:00 a.m. and after 1:00 p.m. was paid approximately $13.00 per hour in 2008, approximately $15.00 per hour in 2009, approximately $18.00 per hour from 2010 through 2011, and approximately $25.00 in 2012.

76. At all times hereinafter mentioned, plaintiff Jader Mazo was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

77. Defendants failed to compensate plaintiff Jader Mazo for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with Defendants.

78. Plaintiff Jose Mercado was an employee of the Defendants, working in a non-exempt position under Defendants' direct supervision from approximately January 1, 2008 through December 31, 2012.

79. Upon information and belief, Defendants hired Jose Mercado, set wage rates and methods of payment for Jose Mercado, set hours of work for Jose Mercado, had the authority to hire, fire and discipline Jose Mercado and generated and maintained employment records. Defendants set all policies regarding Jose Mercado's working conditions.

80. Plaintiff Jose Mercado worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 5:00 a.m. and after 1:00 p.m. and changed during his tenure was paid approximately $16.00 per hour from 2008 through 2010, and approximately $21.00 per hour from 2011 through 2012. He did not receive the premium overtime rate. He was paid by check. He was required to clean truck for an hour after it returned to the yard for which he was not compensated.

81. At all times hereinafter mentioned, plaintiff Jose Mercado was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

82. Defendants failed to compensate plaintiff Jose Mercado for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with Defendants.

83. Plaintiff Dwayne Ridenhour, a/k/a Dwayne Lee was an employee of the Defendants, working in as non-exempt driver under Defendants' direct supervision from approximately January 1, 2007 through December 31, 2012.

84. Upon information and belief, Defendants hired Dwayne Ridenhour, a/k/a Dwayne Lee, set wage rates and methods of payment for Dwayne Ridenhour, a/k/a Dwayne Lee, set hours of work for Dwayne Ridenhour, a/k/a Dwayne Lee, had the authority to hire, fire and discipline Dwayne Ridenhour, a/k/a Dwayne Lee and generated and maintained employment records. Defendants set all policies regarding Dwayne Ridenhour, a/k/a Dwayne Lee's working conditions.

85. Plaintiff Dwayne Ridenhour, a/k/a Dwayne Lee worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 5:00 a.m. and after 1:00 p.m. and changed during his tenure was paid approximately $19.00 per hour 2007 through 2009 and approximately $22.75 per hour from 2010 through 2012.

86. At all times hereinafter mentioned, plaintiff Dwayne Ridenhour, a/k/a Dwayne Lee was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

87. Defendants failed to compensate plaintiff Dwayne Ridenhour, a/k/a Dwayne Lee for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with Defendants.

88. Plaintiff Thomas D. Sputo was an employee of the Defendants, working in as non-exempt driver under Defendants' direct supervision from approximately January 1, 2006 through December 31, 2012.

89. Upon information and belief, Defendants hired Thomas D. Sputo, set wage rates and methods of payment for Thomas D. Sputo, set hours of work for Thomas D. Sputo, had the authority to hire, fire and discipline Thomas D. Sputo and generated and maintained employment records. Defendants set all policies regarding Thomas D. Sputo's working conditions.

90. Plaintiff Thomas D. Sputo worked between 40 and 50 hours in most workweeks in which he was employed by the Defendants. He worked Monday through Saturday. His shift was between before 5:00 a.m. and after 1:00 p.m. and changed during his tenure was paid approximately $25.00 per hour.

91. At all times hereinafter mentioned, plaintiff Thomas D. Sputo was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

92. Defendants failed to compensate plaintiff Thomas D. Sputo for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with Defendants.

93. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records for Plaintiffs and all similarly situated individuals.

94. Defendants denied Plaintiffs time off for meals and breaks.

95. Plaintiffs and other similarly situated employees received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the additional twenty (20) minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

96. Defendants unlawfully deducted wages from Plaintiffs' pay for dumping incorrectly and breaking equipment.

97. CRP Sanitation entered into contracts with public entities including the Town of Mount Pleasant and the Town of Yorktown.

98. The prevailing wage contracts state that employees are entitled to prevailing wages and supplemental benefits set within the prevailing wage contracts.

99. Upon information and belief, while working for the Defendants, Plaintiffs did not receive prevailing wages and supplemental benefits for work performed on publicly financed projects, including, but not limited to the Town of Mount Pleasant and for the Town of Yorktown. Plaintiffs also did not receive overtime pay for hours worked over 40 hours per week pursuant to municipal contracts. Yet, Defendants submitted certified payroll records certifying that prevailing wages were paid and that supplemental benefits were provided.

100. Upon information and belief, Evergreen National Indemnity Company and/or JOHN DOE BONDING COMPANIES 1-5 issued performance bonds in connection with the prevailing wage work performed by the Defendants for the Town of Mount Pleasant and for the Town of Yorktown. By issuing the bond(s) Evergreen National Indemnity Company and/or John Doe Bonding Companies 1-5 assumed joint and several liability with all Defendants to pay Plaintiffs, opt-in plaintiffs and putative Rule 23 class members any and all wages and supplements due and owing them with all Defendants failed to pay.

101. Upon information and belief, Plaintiffs did not receive one hour of additional pay in any day that worked 10 or more hours.

102. Upon information and belief, Plaintiffs and the putative class members, under the direction of Defendants instituted the practice of depriving Plaintiffs and putative class members of compensation for work performed off-the clock before and after their paid shift to perform duties related to the vehicles they worked on for Defendants.

103. Defendants failed to post required wage and hour posters in Plaintiffs' place of work.

104. Defendants failed to issue Plaintiffs and their co-workers proper notices under Section 195 of the NY Labor Law.

**COLLECTIVE ACTION CLAIMS**

105. At all times relevant to this Complaint Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate overtime compensation, as required by federal law and state laws.

106. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since 2011 to the entry of this judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

**CLASS ACTION**

107. At all relevant times, Plaintiffs seek to prosecute its claims under the New York Labor Law as a class action under Rule 23.

108. The Plaintiff and the putative class members were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required, overtime, spread of hours pay, unlawful deductions from pay, off-the-clock time and willfully failing to keep records. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

109. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110. Plaintiffs bring their New York Labor Law overtime, spread-of-hours, unlawful wage deductions, prevailing wage claims and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class".

111. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are estimated over thirty members of the Class during the Class Period.

112. There are questions of law and fact common to the Class including:

- what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;
- what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;
- what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime premium pay for all hours worked over 40;
- whether Defendants failed and/or refused to pay Plaintiffs the overtime at the premium rate within the meaning of the New York Labor Law;
- whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;
- whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;
- at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and,
- what are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

113. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

114. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

115. This action for recovery of prevailing wages and supplemental benefits is also properly maintainable as a class action pursuant to Article 9 of the New York CPLR on behalf of Plaintiffs and other employees of Defendants similarly situated, and such employees may

designate an agent or representative to maintain such action for and on behalf of all helpers and drivers situated for the reasons alleged under FRCP 23.

## COUNT I

### AGAINST ALL DEFENDANTS
### (Fair Labor Standard Act – Overtime)

116. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

117. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

118. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its employees for the employees' hours worked in excess of forty hours per workweek.

119. As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*., including §§ 207 (a) (1) and 215 (a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

120. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves, and the Collective Action members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216 (b).

**COUNT II**

**AGAINST ALL DEFENDANTS**
**(New York Labor Law – Overtime)**

121. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

122. At all relevant times, Plaintiffs and the members of the Class have been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

123. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq*. and its supporting regulations in 12 N.Y.C.R.R § 137.

124. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

125. Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663 (1).

**COUNT III**

**AGAINST ALL DEFENDANTS**
**(New York Labor Law – Spread of Hours)**

126. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully again herein.

127. At all relevant times, Plaintiffs and members of the Class have been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

128. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them an additional hour's pay at their hourly rate of pay for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

129. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

130. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

131. Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663 (1).

**COUNT IV**

**AGAINST ALL DEFENDANTS**
**(Breach of Contract)**

132. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

133. Upon information and belief, defendant C.R.P. Sanitation, Inc. entered into written contracts with various municipalities, including the Town of Yorktown.

134. The municipal contracts contained reference to the payment of New York Labor Law § 230 prevailing wages and/or incorporated by schedules of prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

135. Those prevailing rates of wages and supplemental benefits were made part of the Municipal Contracts for the benefit of Plaintiffs.

136. Defendant breached the Municipal Contracts by willfully failing to pay and ensure payment to Plaintiffs the prevailing wages and supplemental benefits for all labor performed upon the publicly financed worksites. The action for this cause of action is properly maintainable under CPLR § 901.

137. By reason of its breach of the Municipal Contracts, Defendant is liable to Plaintiffs for an amount to be determined at trial, plus interest, costs and attorneys' fees.

**COUNT V**

**AGAINST ALL DEFENDANTS**
**(Illegal Withholding of Wages Under N.Y. Labor Law)**

138. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

139. At all relevant times, Plaintiffs and putative class members were employed by Defendants within the meaning of New York Labor Law § 190.

140. Defendants willfully violated the rights of Plaintiff and putative class members by making illegal deductions from their wages in violation of New York Labor Law § 193. Defendants' illegal deductions were willful within the meaning of New York Labor Law.

141. Due to Defendants' New York Labor Law violations Plaintiffs and putative class members are entitled to all wages due, liquidated damages of 100%, interest, attorneys' fees and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT VI

## AGAINST BONDING COMPANY
## (Surety)

142. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

143. By issuing the bond(s) Evergreen National Indemnity Company, and/or JOHN DOE BONDING COMPANIES 1-5 assumed joint and several liability with all Defendants to pay Plaintiffs, opt-in plaintiffs and putative Rule 23 class members any and all wages and supplements due and owing them with all Defendants failed to pay.

144. Upon information and belief Defendants willfully failed to pay prevailing wages and supplements to Plaintiffs and opt-in plaintiffs and Rule 23 putative class members for work performed on the prevailing wage work performed by Defendants in an amount to be determined at trial.

145. Upon information and belief, pursuant to the terms of the surety, Evergreen National Indemnity Company and/or JOHN DOE BONDING COMPANIES 1-5 are required to make payment to Plaintiffs, opt-in plaintiffs and Rule 23 putative class members in an amount to be determined at trial, plus interst, fees and costs.

**COUNT VII**

**AGAINST ALL DEFENDANTS**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

146. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

147. Defendants did not provide Plaintiffs with the notices required by N.Y. Lab. Law § 195.

148. Plaintiffs seek damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**TRIAL BY JURY DEMANDED**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

- Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

- Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

- Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA and Rule 23 class members compensation, hours, wages, and any deductions or credits taken against wages;

- Declaring that Defendants violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA and Rule 23 class members;

- Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

- Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

- Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

- Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA and Rule 23 class members compensation, hours, wages; and any deductions or credits taken against wages;

- Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA and Rule 23 class members;

- Awarding Plaintiffs, opt-in plaintiffs and Rule 23 putative class plaintiffs' wages and supplemental benefits against bonding companies in an amount to be determined at trial including costs and fees;

- Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation and unlawfully deducted wages shown to be owed pursuant to NYLL § 663 as applicable;

- Awarding Plaintiffs and members of the Article 9 of the NYCPLR class unpaid prevailing wages, wage supplements, liquidated damages, and attorneys fees.

- Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorney's fees;

- Awarding Plaintiffs damages for failure to provide proper wage notices under NY Labor Law § 195; and

- All such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
October 15, 2014

Cinquemani & Associate, P.C.

By: ______________________
Joseph Cinquemani, Esq.
(SDNY-JC 4308)

Attorney for Plaintiffs
99 Lafayette Avenue
White Plains, New York 10603
Phone No.: (646) 517-2058

# EXHIBIT "A"

**C.R.P. Sanitation, Inc.**
**City Carting & Recycling**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

| | |
|---|---|
| **JOSE BAEZ, NICHOLAS D'APICE,<br>GREGG A. MARTIN, JADER MAZO,<br>JOSE MERCADO, DWAYNE RIDENHOUR, and<br>THOMAS D. SPUTO, Individually<br>And on behalf of other persons similarly<br>Situated who were employed by<br>C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.<br>d/b/a Got To Go Portable Restrooms, and<br>CITY CARTING & RECYCLING,<br>GARY CARBONE, RICHARD CARBONE<br>RONALD CARBONE, and ANTHONY CARBONE,<br>Or any other entities affiliated with or controlled by<br>C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.<br>d/b/a Got to Go Portable Restrooms,<br>CITY CARTING & RECYCLING, and<br>GARY CARBONE, RICHARD CARBONE<br>RONALD CARBONE, and ANTHONY CARBONE,** | **Case No.:**<br><br>**Class Action Complaint**<br><br>**<u>Plaintiff Consent Form</u>** |

**Plaintiffs,**

**-v-**

**C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.**
**d/b/a Got To Go Portable Restrooms, and**
**CITY CARTING & RECYCLING,**
**GARY CARBONE, RICHARD CARBONE**
**RONALD CARBONE, and ANTHONY CARBONE,**
**Or any other entities affiliated with or controlled by**
**C.R.P. SANITATION, INC. d/b/a CRP Sanitation Inc.**
**d/b/a Got to Go Portable Restrooms,**
**CITY CARTING & RECYCLING,**
**GARY CARBONE, RICHARD CARBONE**
**RONALD CARBONE, and ANTHONY CARBONE,**
**ADVANTAGE CAPITAL PARTNERS,**
**CHARLES BOOKER, JEFFREY CRAVER,**
**RICHARD HUMMELL, PHILIP MARSHALL,**
**JUSTIN OBLETZ, and W. ANTHONY TOUTS, III,**

**EVERGREEN NATIONAL INDEMNITY COMPANY,**
**JOHN DOE BONDING COMPANIES 1-5,**
**and John and Jane Does,**

**Defendants.**

---------------------------------------------------------------------X

I hereby consent to be a plaintiff in this lawsuit. I hereby consent to the prosecution of any claims that I may have under the Fair Labor Standards Act and New York Labor Law for, *inter alia*, unpaid overtime, minimum wages, prevailing wages and supplemental benefits, liquidated damages, attorneys' fees, costs, and other relief against defendants on a collective action basis and class action basis.

I authorize the law firm of Cinquemani & Associates, P.C., its successors and assigns, to represent me in this case.

Date: October __, 2014

______________________
Signature

______________________